IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:18-cv-178-BO

| | |
|---|---|
| TONY SUMMERLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| ANDREW SAUL, ) | |
| *Commissioner of Social Security*,[1] ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. [DE 16, 21]. A hearing was held on these matters before the undersigned on November 20, 2019, at Elizabeth City, North Carolina. For the reasons discussed below, the plaintiff's motion for judgment on the pleadings [DE 16] is GRANTED and defendant's motion [DE 21] is DENIED.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying his application for period of disability and disability insurance benefits. After initial denials of his application for benefits, plaintiff was given a hearing before an Administrative Law Judge (ALJ), which occurred via videoconference on June 26, 2017. The ALJ issued an unfavorable ruling, finding that plaintiff was not disabled, which became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

---

[1] Saul has been substituted as the proper defendant pursuant to Fed. R. Civ. P. 25(d).

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the

claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

Here, the ALJ determined that plaintiff had an RFC of light work, with other limitations. The ALJ determined at step four that plaintiff could not return to past work as a prison security guard, but determined at step five that plaintiff could perform other jobs that existed in significant numbers in the national economy.

The Court finds that the ALJ committed reversible error with respect to the explanations given for plaintiff's light work RFC, which rejected plaintiff's evidence about the alleged intensity, persistence, and limiting effects of claimant's symptoms. Tr. 24–27. The ALJ explained this finding by pointing to plaintiff's improvement following treatment for lower back and knee issues, plaintiff's ability to walk upwards of two miles each day after his coronary artery bypass graft surgery, plaintiff's improvement with his shortness of breadth issues, and his general ability to care for himself personally. While the ALJ's discussion is detailed, the reasons given by the ALJ are not inconsistent with plaintiff's evidence and are not inconsistent with a limitation to only

3

sedentary work. Considering the other evidence in the record, including Mr. Summerlin's own testimony, the Court finds that remanding this case for a new hearing is appropriate.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that remand is appropriate. Accordingly, plaintiff's motion for judgment on the pleadings [DE 16] is GRANTED and defendant's motion [DE 21] is DENIED. This matter is REMANDED to the Commissioner for further proceedings.

SO ORDERED, this __12__ day of January, 2020.

_Terrence Boyle_
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE